UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ADRIAN LOTAKI, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:13 CV 377 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# OPINION AND ORDER

Adrian Lotaki, a *pro se* prisoner, initiated this habeas corpus proceeding to challenge his conviction and seventeen year sentence by the St. Joseph Superior Court under cause number 71D02-0509-FB-123 for criminal deviate conduct and residential entry. Lotaki raises two grounds in this petition.

First, he argues that the admission of State's Exhibit 26 during his criminal trial violated his right to a fair trial. His lawyer objected three times, but the trial court admitted the exhibit anyway. Lotaki argues that because the exhibit had not been disclosed 32 days before, he was denied the assistance of counsel in violation of *United States v. Cronic*, 466 U.S. 648 (1984) and *Brady v. Maryland*, 373 U.S. 83 (1963).

Exhibit 26 is a threatening, inculpatory letter written by Lotaki. Here is a portion of the Indiana Court of Appeals' opinion describing it:

> The State also introduced into evidence a letter that Lotaki sent while in jail to the friend who had been at K.C.'s apartment with him. Lotaki wrote, in pertinent part:
>
> > Bad news. This B**** is really going to testify. Peep game, I wrote a letter to the b**** and told her I ain't gone be mad at

> her if she call the prosicutor and say she want to drop the charges. She's a grimy b**** so I had my sister read it to her. I guess the b**** done talk to the prosicutor and said she'll be there. All I can say is she better pray to god I get convicted and they give me life. Cause you know I do this little ten years, its on! I might even get less, thats the max. F*** it, pull the Gijad cuz whack her. Nah I'm just f***** with you. But on the real you should call Jenny and tell her to take care of it [ ] you know pop up at her work sit at her table give her a firm warning, s*** like that. See I know if I was out on bond this s*** would not be going down.
>
> State's Ex. 26 (multiple misspellings in original).

(DE # 9-5 at 3.)

*Brady* requires disclosure of exculpatory evidence. Exhibit 26 is not exculpatory and since it was written by Lotaki himself he clearly already knew about its existence. The only thing that he might not have known is that the State had possession of the letter and intended to use it during his trial. Nevertheless, *Brady* does not apply.

"In *Cronic*, [the Supreme Court] held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable." *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). (quotation marks omitted) (*citing United States v. Cronic*, 466 U.S. 648, 659 (1984). Here, Lotaki's attorney objected three times. He was not absent and Lotaki was not completely denied counsel. *Cronic* does not apply.

Lotaki argues that because his lawyer did not know about the letter before trial, he was surprised and did not know how to respond. However, federal law does not require the disclosure of such evidence prior to trial. 18 U.S.C. § 3500(a). Disclosing such

2

information at trial is not a constitutional violation. *See Palermo v. United States*, 360 U.S. 343 (1959); *see also Scales v. United States*, 367 U.S. 203, 257-58 (1961). Moreover, because Lotaki wrote the letter, it was not unknown to him. Nothing prevented Lotaki from telling his attorney about it before trial. Ground One is not a basis for habeas corpus relief.

Second, Lotaki argues that he was denied a hearing on his *Cronic* arguments during his post-conviction proceedings in the State court. As previously explained, *Cronic* does not apply. Understandably his lawyer was caught off guard when Lotaki did not mention that he had written a letter threatening to injure or kill the woman he had anally raped because she was going to testify against him. However, nothing about Lotaki's "oversight" denied him his right to counsel or rendered his lawyer ineffective. Despite Lotaki's ongoing effort to blame this on his lawyer, the prosecutor, the trial court, and the post-conviction court; nothing about his letter, his not mentioning the letter to his lawyer, nor its introduction over his lawyer's three objections constitutes a basis for habeas corpus relief. Moreover, to the extent that he has framed this ground as an error in the post-conviction court for not providing him with a hearing, "errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996); *see also Resendez v. Smith*, 692 F.3d 623 (7th Cir. 2012).

After Lotaki filed his traverse, he filed a motion asking to conduct discovery. Specifically, he wants to "resolve the issues regarding the chain of custody of states

Ex26 [and] establish the cause of the 32 day delay . . . ." (DE # 13 at 2.) As previously explained, Lotaki's arguments about Exhibit 26 are meritless. Therefore, without regard to the numerous impediments to obtaining discovery in a habeas corpus proceeding (see 28 U.S.C. § 2254(e)(2) and *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001)), such discovery is simply not relevant.

Additionally, Lotaki has written to the court and ask that the INSOMM Program be informed as to the status of this case. In the interests of justice the request will be granted and the clerk will be directed to send a copy of this order to the INSOMM Program.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a certificate of appealability when the court dismisses a claim on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Id.* Here, Lotaki has not made such a showing and will be denied a certificate of appealability.

For the foregoing reasons, the court **DENIES** this habeas corpus petition, **DIRECTS** the clerk to send a copy of this order to the INSOMM Program, and **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: December 19, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT